## DISTRICT COURT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

SELENE FINANCE, LP.,        )
                                      )

         **Plaintiff,**           )
                                      )

         v.                     )        Civil Action No. 2017-0003
                                      )

**DONALD A. PETERSEN, ZANDRA E.**    )
**PETERSEN, SECRETARY OF HOUSING**   )
**AND URBAN DEVELOPMENT, and**      )
**VIRGIN ISLANDS BUREAU OF INTERNAL** )
**REVENUE,**                              )
                                      )

         **Defendants.**         )
_____)

**Attorneys:**

**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
**Claire Anaclerio, Esq.,**
St. Thomas, U.S.V.I.
       *For Plaintiff*

**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
       *For Defendant Donald A. Petersen*

**Henry C. Smock, Esq.,**
St. Thomas, U.S.V.I.
       *For Defendant Zandra E. Petersen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
       *For Defendant Secretary of Housing and*
          *Urban Development*

**Ericka Marie Scott, Esq.,**
St. Croix, U.S.V.I.
       *For Defendant Virgin Islands Bureau*
          *of Internal Revenue*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion for Summary Judgment and associated documents (Dkt. Nos. 81-83) filed by Plaintiff Selene Finance, L.P. ("Plaintiff"). Of the Defendants remaining in the case, the Secretary of Housing and Urban Development filed a response stating that it has no opposition to Plaintiff's Motion, and Donald E. Petersen did not file a response.[1] For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.   BACKGROUND

On January 23, 2017, Plaintiff filed a Complaint against Defendants Donald E. Petersen ("Petersen"), Zandra E. Petersen ("Zandra"), the Secretary of Housing and Urban Development ("HUD"), and  the Virgin Islands Bureau of Internal Revenue ("VIBIR"). (Dkt. No. 1).  In its Complaint, Plaintiff alleges that on August 4, 2010, Petersen executed a Note in which he promised to pay Allied Home Mortgage Capital Corporation ("Allied Mortgage") the principal sum of $143,150.00, together with interest at the rate of 5.375% per annum, in equal monthly installments of $801.60. The Note provided that it would become due and payable in its entirety if Petersen failed to pay the principal or interest when due, or if there was any other default  under the Note's terms. (Dkt. Nos. 1 at ¶¶ 7-8; 1-1).

Plaintiff further alleges that Petersen's payment of the Note to Allied Mortgage was secured by a First Priority Mortgage executed on August 4, 2010 by Petersen and Zandra for the same amount as the Note, covering real property described as:

---

[1] After filing its Motion for Summary Judgment, Plaintiff filed motions to voluntarily dismiss without prejudice, its claims against Defendants Zandra E. Petersen and the Virgin Islands Bureau of Internal Revenue. (Dkt. Nos. 84, 88). The Court granted those Motions. (Dkt. Nos. 85, 90).

Plot 52-Q, The Whim Estates, West End Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.2943 U.S. Acre, more or less, as more fully shown on OLG Drawing No. 4973, dated January 17, 1995

("the Property"). (Dkt. Nos. 1 at ¶ 9; 1-2). The First Priority Mortgage was recorded at the Office

of the Recorder of Deeds for the District of St. Croix ("St. Croix Recorder") on August 9, 2010,

in Book 1243, at Page 315, as Instrument No. 2010003095. (Dkt. No. 1-2 at 9).

Plaintiff alleges that the Note and Mortgage were modified by a Loan Modification

Agreement between Petersen and Allquest Home Mortgage Corporation ("Allquest"), dated

December 29, 2014. The Loan Modification was recorded on September 28, 2015, in Book 1414,

at Page 363, as Document No. 2015003375, with the St. Croix Recorder. (Dkt. Nos. 1 at ¶ 11; 1-3).

Plaintiff further maintains that in August 2016, the Mortgage Electronic Registration

Systems, Inc. ("MERS"), as nominee for Allied Mortgage, its successors and assigns, assigned the

Mortgage to Plaintiff. (Dkt. Nos. 1 at ¶ 12; 1-4). This Assignment was filed with the St. Croix

Recorder on September 20, 2016, in Book 1447, at Page 469, as Document No. 2016003419. *Id.*

Plaintiff further asserts that it is the holder of the Note and Mortgage and is entitled to enforce the

same. (Dkt. No. 1 at ¶ 13).

Plaintiff contends that Petersen defaulted under the terms of the Note and Mortgage by

failing to make payments of the principal and interest due on October 1, 2015. Plaintiff avers that

it sent notices of default to Petersen. *Id.* at ¶¶ 14-15. Plaintiff alleges that as a result of Petersen's

default, it accelerated the debt which includes $148,751.12 in unpaid principal, with accrued

interest and other charges. *Id.* at ¶ 18.

Plaintiff also alleges that during the pendency of this action and prior to the foreclosure

sale of the Property, it may be required to pay real property taxes, insurance premiums, or other

charges with respect to the Property, which becomes part of the principal indebtedness. Plaintiff

further asserts that it is entitled to recover its costs and fees, including reasonable attorneys' fees under the provisions of the Mortgage. *Id.* at ¶ 16.

Plaintiff claims that, as the mortgagee of the First Priority Mortgage, it is entitled to foreclose its lien encumbering the Property to satisfy the Note. *Id.* at ¶¶ 22-23. Plaintiff alleges that HUD may claim an interest in the property based upon a Partial Claim Mortgage issued in 2014 in the original amount of $6,127.06 which is recorded with the St. Croix Recorder. *Id.* at ¶ 24. Similarly, Plaintiff alleges that VIBIR may pursue a claim based upon a Notice of Federal Tax Lien against Petersen recorded in June 2014 with the St. Croix Recorder. *Id.* at ¶ 25. Plaintiff alleges it is entitled to foreclose its Mortgage and all other liens which have lower priority. *Id*. at ¶ 26.

Based on these allegations, Plaintiff requests that judgment be entered against Petersen for all unpaid principal, accrued interest to the date of judgment, and post-judgment interest thereafter. Plaintiff further requests that its Mortgage be found to be a valid First Priority Mortgage against the Property; that its lien and all junior liens be foreclosed; and that the Court direct that the Property be sold to satisfy the indebtedness. Plaintiff further requests judgment against Petersen for any deficiency, plus all costs and fees incurred in protecting its rights in the Property, including real property taxes, insurance, costs, and reasonable attorneys' fees. *Id.* at pg. 6.

All Defendants filed an Answer to Plaintiff's Complaint. (Dkt. Nos. 9, 20, 25, 31). After limited discovery and an unsuccessful attempt at mediation (Dkt. Nos. 35, 36, 54, 73), Plaintiff filed its Motion for Summary Judgment and associated documents. (Dkt. Nos. 81-83). In its Statement of Uncontroverted Facts (Dkt. No. 82), Plaintiff asserts that Petersen executed the August 2010 Note to Allied Home for $143,150.00, bearing an interest rate of 5.375%, with monthly installments due of $801.60. *Id.* at ¶ 8. Plaintiff also asserts that Petersen and Zandra

executed a First Priority Mortgage to Allied Home on the Property identified above and that the Mortgage was lawfully recorded on August 9, 2010. *Id.* at ¶ 9. Plaintiff further asserts that in 2014, Petersen executed a Loan Modification in the amount of $152,169.52 with an interest rate of 4.375%, which was duly recorded with the St. Croix Recorder. *Id.* at ¶ 10. In August 2016, the Mortgage in question was assigned to Plaintiff and recorded with the St. Croix Recorder. *Id*. at ¶ 11.

Plaintiff states that in the interim, HUD recorded a Partial Claim Mortgage against the Property for $6,127.06 based upon a Note executed in December 2014 and recorded in September 2015. *Id*. at ¶ 12. In addition, Plaintiff states that VIBIR filed a Notice of Federal Tax Lien of $3,208.38 against Petersen dated June 2, 2014, and recorded that lien with the St. Croix Recorder on June 6, 2014. *Id.* at ¶ 13.

In its undisputed facts, Plaintiff avers that it is the holder of the Note and First Priority Mortgage. It further avers that Petersen has been in default since October 1, 2015. *Id.* at ¶¶ 14-15. Plaintiff presented evidence that Petersen was given notice of default and failed to cure. *Id.* at ¶ 16. Plaintiff also presented an affidavit of indebtedness from Ms. Monica Fayne reflecting that Petersen owed Plaintiff unpaid principal totaling $148,751.12; unpaid accrued interest through May 1, 2019 of $23,862.08; escrow advances for hazard insurance and taxes of $2,563.84; corporate advances for property inspections of $426.00; and fees for pending hazard insurance of $91.35, for a total due and owning from Petersen of $175,694.39. (Dkt. No. 82-8). Plaintiff asserts that interest continues to accrue on the outstanding loan from May 2, 2019, at a per diem rate $18.19 until Judgment is entered in its favor. (Dkt. No. 93).

## II. APPLICABLE LEGAL PRINCIPLES

In filing for summary judgment, Plaintiff complied with LRCi 56.1(a)(1) by filing a Motion and a Statement of Undisputed Facts. Despite an extended opportunity to respond to the Motion (Dkt. No. 86), only HUD responded stating that it did not object to Plaintiff's request for relief. (Dkt. No. 87).

Notwithstanding Petersen's failure to respond to Plaintiff's Motion for Summary Judgment, the Court may not simply grant the Motion because the failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought. *Patra v. Penn. State Sys. of Higher Educ.*, ___ F. App'x ___, 2019 WL 3061488 at *2 (3rd Cir. July 12, 2019) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to [judgment.]").

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference

that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. See *Anderson*, 477 U.S. at 248.

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. 2017) (internal quotation marks and citations omitted). To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate. *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (summary judgment is proper when debtor admits it has failed to pay the debt, and the recorded mortgage is in the

specified amount); *U.S. Bank National Association v. Chetty Limited Partnership*, 2018 WL 4300949 at *4 (E.D. Pa. Sept. 10, 2018) (same).

## III. DISCUSSION

Plaintiff has submitted a copy of the Note, dated August 4, 2010, executed by Petersen, in which he promised to pay Plaintiff's predecessor-in-interest the principal sum of $143,150.00 together with interest at a rate of 5.375% per year in monthly installments of $801.60. (Dkt. No. 82-2). Plaintiff also submitted a copy of the Mortgage, dated August 4, 2010, executed by Petersen and Zandra to secure payment on the Note (Dkt. No. 82-3), as well as a Loan Modification Agreement signed by Petersen for $152,169.52 at a reduced interest rate of 4.375% per annum related to the same Mortgage. (Dkt. No. 82-4). In addition, Plaintiff provided an Assignment showing that it is entitled to enforce the Note and Mortgage. (Dkt. No. 82-5). In his Answer, Petersen admitted that he executed the Note (Dkt. No. 31 at ¶ 7) and averred that the Mortgage and Note "speak[] for themselves." *Id*. at ¶¶ 7, 9. Accordingly, there is no genuine dispute of material fact as to whether Petersen executed these documents, and Plaintiff has satisfied the first requirement to succeed on a debt and foreclosure action in the Virgin Islands.

Plaintiff has also provided evidence that Petersen is in default on the Note and Mortgage for failing to make payments due under those documents, and that it is entitled to foreclose on the Property. Plaintiff sent letters to Petersen and Zandra dated June 8, 2016 and November 9, 2016 in which they were advised that they were in default and were required to pay the past due amounts or all amounts due could be accelerated and the Property sold. (Dkt. Nos. 82-8, 82-9).

Plaintiff asserts that it owns and holds the Note and Mortgage, copies of which were attached to the Motion for Summary Judgment. (Dkt. Nos. 82-2; 82-3; 82-4).The Note provides that "[i]f Borrower defaults by failing to pay in full any monthly payment, then the Lender may

. . . require immediate payment in full of the principal balance remaining due and all accrued interest." (Dkt. No. 82-2 at 2). The Mortgage similarly provides that, if the Borrower defaulted, "[l]ender may . . . require immediate payment in full of all sums secured by this Security Instrument." (Dkt. No. 82-3 at 4). Finally, the Loan Modification Agreement states that "[a]ll rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder." (Dkt. No. 82-4 at 2). Plaintiff has thus satisfied the second and third requirements for a debt and foreclosure claim.

Plaintiff has also provided the requisite support for its damage calculation. Based upon the Affidavit and documentation provided, Petersen owes Plaintiff $148,751.12 in unpaid principal; accrued unpaid interest through May 1, 2019 of $23,862.08; escrow advances for hazard insurance and tax payments of $2,563.84; corporate advances of $426.00 for property inspections; and fees for pending hazard insurance of $91.35, for a total due and owing to Plaintiff of $175,694.39. Plaintiff has also established that interest continues to accrue on the indebtedness at the per diem rate of $18.19 from May 2, 2019, up to and including the date of Judgment.

The Court finds that this evidence is sufficient to shift the burden to Petersen to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in his favor" regarding the debt and foreclosure causes of action. *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2015). While Petersen answered the Complaint, he has not responded to Plaintiff's Motion for Summary Judgment. Thus, there is no challenge to any of the material facts contained in Plaintiff's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Petersen's liability on Plaintiff's debt and foreclosure causes of action. Because Plaintiff

has satisfied the requirements for debt and foreclosure under Virgin Islands law, *see Brouillard*, 63 V.I. at 793, summary judgment is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment against Defendants Donald A. Petersen and the Secretary of Housing and Urban Development. (Dkt. No. 81).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 29, 2019

        _____/s/_____
WILMA A. LEWIS
Chief Judge